## CITY OF SHREVEPORT v. DICKSON (FORD, Intervener).*

### No. 4750.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellant.

Lee, Gilmer & Lee and Aubrey M. Pyburn, all of Shreveport, for appellees.

TALIAFERRO, Judge.

This case and that between the same parties, No. 4749, 150 So. 574, this day decided by us, were consolidated for trial in the lower court and also in this court.

The pleadings and the issues involved in each case are practically the same, save that in this case a writ of injunction is sought to restrain defendant from:

"(a) * * * Entering, posting and keeping a record of all business and other transactions of the Water and Sewerage Department in books of accounts and records in said Department of the City of Shreveport.

"(b) * * * Collecting the funds and revenues due the City of Shreveport from the sales of water, sewerage rentals, and other services performed by the Department of Water & Sewerage; from placing same in a safety deposit box, and from in any manner administering and disbursing said funds."

Whereas, in No. 4749 a writ of mandamus was sought.

The lower court granted the prayer for injunction and defendant appealed. Our decree in Case No. 4749 affirms the judgment of the lower court which ordered mandamus to issue as prayed for. That judgment, in effect, virtually strips defendant of any authority over or official connection with the collection of any money or funds for water sales or rentals, and divests him of the custody of the records, books, and equipment pertaining to the department of water and sewerage. When he complies with said judgment, there will be no books of account of the affairs of the water and sewerage department in his department in which to make entries and no equipment with which to perform any of the duties formerly exercised by his department pertaining to financial affairs of the water and sewerage department. These acts could then only be performed by him by the acquisition of other books, records, and equipment.

However, as the relief sought through the issuance of a writ of injunction is companion to that sought from issuance of the writ of mandamus, we see no good reason why defendant should not be enjoined from the performance of those acts which we have held he has no further right to perform.

For the reasons assigned in our opinion in case No. 4749, and herein, the judgment of the lower court is affirmed.